UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-21388-Civ-COOKE/TURNOFF

JOHANNA CABRERA-RODRIGUEZ,

    Plaintiff
vs.

THE SCHOOL BOARD OF
MIAMI-DADE COUNTY, FLORIDA,

    Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

THIS CASE is before me on Defendant's Motion to Dismiss Complaint with Prejudice, or in the Alternative, Motion to Strike Claim for Punitive Damages. (ECF No. 5). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided, the Motion is granted in part and denied in part.

### I. BACKGROUND

The following facts are taken from the Plaintiff's Complaint. Plaintiff, Johanna Cabrera-Rodriguez, works for Defendant, the School Board of Miami-Dade County, Florida, as a teacher. She claims Defendant discriminated against her based on her disability—she alleges she suffers from Systemic Lupus Erythematosus—in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. In the Complaint's single count, Plaintiff alleges discrimination based on Defendant surplussing her on around June 2010 because of her disability.

Plaintiff alleges numerous facts, which she contends demonstrates Defendant's discriminatory actions towards her. She states that Defendant attempted (unsuccessfully) to remove her travel mileage accommodation in around 2009. She alleges that, in June 2009, the principal of

Gilbert L. Porter Elementary School wrongfully surplussed her in June 2009,[1] and pressured her to file for disability benefits and cease employment.  She alleges that, in around August 2009, the principal of Claude Pepper Elementary School discriminated against her by discussing at length her disability and thirty-five absences when she interviewed with that school.  It appears that the principal ultimately hired her, however.  She claims that there were issues with her pay in January 2010, which appear to have been resolved.  Plaintiff alleges that in April 2010, the principal of Claude Pepper Elementary School wrongfully surplussed her on around June 2010.  In July 2010, Defendant told Plaintiff to report to Seminole Elementary for a temporary teaching assignment, which she claims violated her travel mileage accommodation.  On October 2010, Defendant assigned Plaintiff to teach third grade instead of second grade at Claude Pepper Elementary.  As to this change, Plaintiff claims the Defendant discriminated against her by making her relocate to a new classroom instead of making all of the students report to a different classroom.  Finally, she claims that on around August 2011, Defendant recommended that Plaintiff be the overflow classroom with twenty-seven students.

## II. LEGAL STANDARDS

A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.  "[C]onclusory

---

[1] A principal may declare a school to be able staff requirements.  Teachers who are considered "surplus" may

allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

When considering a motion to dismiss filed under Rule 12(b)(6), the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A court's consideration when ruling on a motion to dismiss is generally limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000).

### III. ANALYSIS

**A. Timeliness of Plaintiff's Action**

Defendant moves to dismiss Plaintiff's claims preceding June 8, 2010, as time-barred. "Timely filing a charge of discrimination is a prerequisite to bringing suit under both Title VII and the ADA." *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001). A plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the discriminatory act, at the latest. *See id*. Plaintiff filed her charge of discrimination with the EEOC on April 4, 2011. Thus, Defendant argues, any conduct that occurred prior to June 8, 2010 is time-barred.

Plaintiff argues that the statute of limitations period should be equitably tolled because Plaintiff did not know the "full extent" of the discrimination until "after some time after [Defendant] repeatedly ignor[ed] Plaintiff's written requests for information regarding her seniority and steps." (Pl.'s Opp. 3). She also appears to argue that her filing of an internal complaint with her employer somehow excuses her late filing of the EEOC complaint. In essence, she states that she felt she had to submit internal complaints and cooperate with her employer before filing an EEOC complaint. (Pl.'s Opp. 4).

---

be reassigned to another school.

For equitable tolling to apply, a plaintiff must show that she "had no reason to believe that she was the victim of unlawful discrimination." *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 852 (11th Cir. 2000). "Equitable tolling is not appropriate when the plaintiff suspects that she may been discriminated against and is generally aware of her legal right to obtain redress." *Id*. In her Complaint, Plaintiff clearly states that, as early as August 2009, she had a meeting with the principal of Claude Pepper Elementary School and she "left that meeting in tears *feeling humiliated and discriminated* due to her illness being discussed at length." (Compl. ¶ 21). She informed her union representative that she felt Defendant was discriminating against her. (*Id*.) Taking the allegations as true, Plaintiff's Complaint makes clear that, at a minimum, she suspected she was being discriminated against as of August 2009. The fact that she complained to her union representative, and then filed an internal complaint with her employer, shows she was at least generally aware of her legal right to obtain redress. To the extent Plaintiff argues she did not know or believe she could file the EEOC complaint until she had attempted to resolve her dispute with Defendant internally, this appears to amount to a claim of ignorance of the law or proper legal procedure. Ignorance of the law or failure to seek legal advice does not toll the statute of limitations. *See Quina v. Owens-Corning Fiberglas Corp.*, 575 F.2d 1115, 1119 (5th Cir. 1978).

I need not—and do not—conclusively determine on the record before me, however, whether Defendant's alleged conduct prior to June 8, 2010 is time-barred because Plaintiff's Complaint does not adequately allege that such conduct forms her cause of action. Although Plaintiff's Complaint contains numerous factual allegations regarding conduct that occurred in 2009 and 2010, she alleges only one claim of discrimination. She clearly states that Defendant discriminated against her "by causing Plaintiff to be surplussed on or about June 2010 due to her disability." Plaintiff does not allege that the 2009 and 2010 events are somehow a "part of a pattern or continuing practice out of which the timely-filed incident arose." *Roberts v. Gadsden Mem'l Hosp.*, 835 F.2d 793, 799-800

(11th Cir. 1988).

This Court will not infer causes of action based on additional conduct when Plaintiff's cause of action is so explicitly set forth and Plaintiff is not proceeding pro se. I will deny Defendant's motion to dismiss Plaintiff's allegations of discriminatory conduct prior to June 8, 2010 as time-barred because I find that, in Count I, Plaintiff has only placed Defendant on notice of a claim of discrimination limited to the June 2010 surplus.

**B. Retaliation Claim**

Defendant moves to dismiss Plaintiff's retaliation claim, to the extent she asserts such a cause of action. As noted above, Plaintiff's Complaint contains one count, which makes no reference to retaliation. The only reference to retaliation appears in paragraph 31 of her Complaint, where she states that in August 2011, in retaliation for filing her EEOC complaint, Defendant selected Plaintiff to oversee an overflow classroom.

Plaintiff's single reference to retaliation does not place Defendant on notice that she is asserting a retaliation claim against it. The alleged retaliation discussed in paragraph 31 occurred over one year after the discrimination alleged in Count I. Plaintiff does not assert a retaliation claim as a separate count in the Complaint. From the facts alleged in the Complaint, this Court cannot infer that a retaliation claim based on events that occurred in August 2011 is somehow subsumed in Count I, which relates to events that occurred in June 2010. I will therefore grant Defendant's motion to dismiss Plaintiff's retaliation claim, to the extent Plaintiff attempted to assert such a claim. The dismissal of this claim, however, is without prejudice.

**C. Failure to Establish Plaintiff Suffered an Adverse Employment Action**

Defendant moves to dismiss Count I on the ground that the June 2010 surplus does not constitute a materially adverse employment action. To establish a prima facie case of discrimination based on a disability, a plaintiff must show that (1) she is disabled; (2) she is a

qualified individual; and (3) she has suffered an adverse employment action because of her disability (i.e., that she suffered employment discrimination). *Doe v. Dekalb Cnty. Sch. Dist.*, 145 F.3d 1441, 1445 (11th Cir. 1998). The court uses an objective, reasonable person standard to determine whether a plaintiff has suffered an adverse employment action. *Id*. at 1448-49. "Any adversity must be material." *Id.* at 1453. To show she suffered a materially adverse employment action, an employee must "establish an 'ultimate employment decision' or make some other showing of substantiality in the employment context." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). A materially adverse employment action involves "a *serious and material* change in the terms, conditions, or privileges of employment." *Id*. at 970-71 (internal quotation marks omitted). The decision must, in some substantial way, "alter the employee's compensation, terms, conditions, or privileges of employment, deprive him or her of employment opportunities, or adversely affect his or her status as an employee." *Id*. at 970 (internal quotation marks omitted).

Plaintiff argues that her June 2010 surplus is a materially adverse employment action because it resulted in a loss of prestige, provided decreased options for advancement, and directly affected her salary. (Pl.'s Opp. 8). The Complaint does not allege any facts to support these contentions. The Complaint alleges that in the summer of 2010 Plaintiff was temporarily assigned to Seminole Elementary. (Compl. ¶ 28). She apparently was back at Claude Pepper Elementary to teach the next school year. (Compl. ¶ 30). Plaintiff alleges no facts for this Court to determine that a school teacher's temporary assignment to another school during the summer constitutes an adverse employment action, where there are no factual allegations to show that the temporary assignment affected salary, position, seniority, or any other form of employment standing. Count I is therefore dismissed. Because it is possible that an amendment may cure the deficiencies stated herein, the dismissal is without prejudice.

**D. Request for Punitive Damages**

Defendant moves to strike Plaintiff's request for punitive damages because such relief is unavailable as a matter of law against a governmental entity.[2] The remedies available under Title I of the ADA are the same as those under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 12117. Under Title VII, a complaining party may not recover punitive damages against a government, government agency, or political subdivision. *See* 42 U.S.C. § 1981a(b). Plaintiff therefore cannot recover punitive damages against Defendant, a government entity, in this action. *See, e.g.*, *Parsons v. Okaloosa Cnty. Sch. Dist.*, No. 3:09cv254/WS/EMT, 2010 WL 1753152, at *3 (N.D. Fla. Mar. 30, 2010) ("[G]overnment entities are exempt from punitive damages under both Title VII and the ADA."); *Biggs v. State of Fla. Bd. of Regents*, No. 1:96-CV-185-MMP, 1998 WL 344349, at *2 (N.D. Fla. Jun. 11, 1998) (holding plaintiff's request for punitive damages for ADA discrimination claim barred as a matter of law).

### IV. CONCLUSION

For the reasons provided, the Defendant's Motion to Dismiss Complaint with Prejudice, or in the Alternative, Motion to Strike Claim for Punitive Damages (ECF No. 5) is **GRANTED in part and DENIED in part**. Plaintiff's Complaint is **DISMISSED** *without prejudice*. The Clerk shall *administratively* **CLOSE** this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 20th day of September 2012.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*

---

[2] Although I need not reach this issue in light of my findings above, I will consider the motion to strike in the interest of efficiency, should Plaintiff file an amended complaint.