UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-21388-Civ-COOKE/TURNOFF

JOHANNA CABRERA-RODRIGUEZ,

    Plaintiff
vs.

THE SCHOOL BOARD OF
MIAMI-DADE COUNTY, FLORIDA,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

THIS CASE is before me on Defendant's Motion to Dismiss Amended Complaint with Prejudice. ECF No. 21. I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided, the Motion is granted.

## I. BACKGROUND

The following facts are taken from the Plaintiff's Amended Complaint. Plaintiff, Johanna Cabrera-Rodriguez, works for Defendant, the School Board of Miami-Dade County, Florida, as a teacher. Am. Comp. 1-13. She claims Defendant discriminated against her based on her disability—she alleges she suffers from Systemic Lupus Erythematosus—in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. *Id.* at ¶ 23. In the Amended Complaint, Plaintiff alleges discrimination based on Defendant surplussing her in June 2009 (Count I) and June 2010 (Count II) because of her disability. *Id.* at 13-16.

Plaintiff alleges that these acts of surplussing in 2009 and 2010 are part of a pattern or continuing practice of discrimination. *Id.* at ¶ 3. She alleges that, in June 2009, the principal of Gilbert L. Porter Elementary School wrongfully surplussed her due to her disability.[1] *Id.* at ¶ 48. In

---

[1] Teachers who are considered "surplus" may be reassigned to another school.

August 2009, the United Teachers of Dade ("UTD") and Defendant's Region Office reached an agreement in order to resolve the alleged wrongful surplus of June 2009. *Id.* at ¶ 50. As part of the agreement, Plaintiff was assigned to the Claude Pepper Elementary School, a school close to her home. *Id.* at ¶ 51. When she interviewed with that school, the principal of Claude Pepper Elementary School allegedly discriminated against her, by discussing at length Plaintiff's disability and her thirty-five absences during her tenure at Gilbert L. Porter Elementary School. *Id.* at ¶ 11. The principal, however, ultimately hired her. That same year, Plaintiff alleges that Defendant attempted, unsuccessfully, to remove the travel mileage accommodation previously granted to Plaintiff. *Id.* at ¶ 52.

Plaintiff alleges that in January 2010, she learned that, in 2009 her seniority status, steps, and salary had been altered, which resulted in the 2009 wrongful surplus and affected her salary. *Id.* at ¶ 13. Plaintiffs contends that her salary eventually was increased but does not know if wages are still owed. *Id.* at ¶ 14.

In June 2010, the principal of Claude Pepper Elementary School allegedly wrongfully surplussed her. *Id.* at ¶ 53. After Plaintiff's objection and the involvement of the UTD, however, Defendant reassigned Plaintiff to the Claude Pepper Elementary School. *Id.* at ¶ 56. Plaintiff alleges that the attempted second surplus is adverse employment action because she did not have written confirmation that she still is under a professional services contract, and does not know if her seniority and steps were accurately restored. *Id.* at ¶ 56.

During the summer 2010, Plaintiff was assigned to the Seminole Elementary for a temporary teaching assignment, which, she claims, could have affected her seniority status and violated her travel mileage accommodation. *Id.* at ¶ 54.

## II. LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.*

"In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Speaker v. U.S. Dept. of Health & Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). The Court may dismiss a complaint for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

### III. ANALYSIS

#### A. Timeliness of Plaintiff's Action

Defendant moves to dismiss Plaintiff's claims that accrued prior to June 8, 2010 as time-barred. Mot. to Dismiss 4-7. "Timely filing a charge of discrimination is a prerequisite to bringing suit under both Title VII and the ADA." *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001). A plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the discriminatory act, at the latest. *See id*. Plaintiff filed her charge of discrimination with the EEOC on April 4, 2011. Thus, Defendant

argues, any conduct that occurred prior to June 8, 2010 is time-barred.[2]

Plaintiff argues that the continuing violation doctrine applies so as to excuse otherwise time-barred claims because the 2009 and 2010 surplus were part of "a pattern or continuing practice of discrimination." *Id.* at ¶ 17; *Roberts v. Gadsden Mem'l Hosp.*, 835 F.2d 793, 799-800 (11th Cir. 1988) ("Under the continuing violation doctrine, '[i]f a series of discrete acts of discrimination continues into the statutory filing period, then the cause of action is considered timely filed.'").

So long as one act falls within the charge filing period, discriminatory and retaliatory acts that plausibly or sufficiently are related to that act may also be considered for the purposes of liability. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire, however, constitute a separate actionable "unlawful employment practice." *See id.* I find that Plaintiff's surplus in 2009 and 2010 are discreet acts or single occurrences and therefore the continuing violation doctrine does not apply. Plaintiff contends that she does not know if wages are still owed if her seniority and steps were accurately restored. *Id.* at ¶¶ 14; 56. However, in determining whether a discriminatory employment practice constitutes a continuing violation, district courts must distinguish between the present consequence of a one time violation, which does not extend the limitations period, and the continuation of that violation into the present, which does." *Thigpen v. Bibb County, Georgia, Sheriff's Dep't*, 216 F.3d 1314, 1326 (11th Cir. 2000). The proper focus is upon the time of the discriminatory acts, not upon the time at which the *consequences* of the acts materialize. *Carter v. W. Pub. Co.*, 225 F.3d 1258, 1263 (11th Cir. 2000) (citing *Delaware State College v. Ricks,* 449

---

[2] I addressed the issue of equitable tolling in my September 20, 2012 Order, where I found that equitable tolling did not apply in this case because Plaintiff had reason to believe she was discriminated against at least as early as August 2009. *See* Order Granting in Part Mot. to Dismiss ECF No. 21; *see also* Am. Comp. at ¶ 12 (where Plaintiff alleges that in August 2009 "in light of the aforementioned humiliation and discrimination," a meeting was held at the Claude Pepper Elementary School).

U.S. 250, 258 (1980)). Accordingly, I find that there was no continuing violation and that the 2009 surplus is time-barred. Therefore Count I is dismissed with prejudice.

### B. Failure to Establish Plaintiff Suffered an Adverse Employment Action

Defendant moves to dismiss Count II on the ground that the June 2010 surplus does not constitute a materially adverse employment action. Mot. to Dismiss 7-9. To establish a prima facie case of discrimination based on a disability, a plaintiff must show that (1) she is disabled; (2) she is a qualified individual; and (3) she has suffered an adverse employment action because of her disability (i.e., that she suffered employment discrimination). *Doe v. Dekalb Cnty. Sch. Dist.*, 145 F.3d 1441, 1445 (11th Cir. 1998). District courts use an objective, reasonable person standard to determine whether a plaintiff has suffered an adverse employment action. *Id*. at 1448-49. "Any adversity must be material." *Id.* at 1453. To show she suffered a materially adverse employment action, an employee must "establish an 'ultimate employment decision' or make some other showing of substantiality in the employment context." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). A materially adverse employment action involves "a *serious and material* change in the terms, conditions, or privileges of employment." *Id*. at 970-71 (internal quotation marks omitted). The decision must, in some substantial way, "alter the employee's compensation, terms, conditions, or privileges of employment, deprive him or her of employment opportunities, or adversely affect his or her status as an employee." *Id*. at 970 (internal quotation marks omitted).

Plaintiff argues that her June 2010 surplus is a materially adverse employment action because it resulted in a loss of prestige, provided decreased options for advancement, and directly affected her salary. Am. Comp. ¶ 55; Resp. to Mot. to Dismiss 9. However, the 2010 surplus never materialized, as Plaintiff remained employed at the Claude Pepper Elementary School. Am. Comp. ¶ 56. Further, the Complaint does not allege any facts to support the contention that the 2010 resulted in a loss of prestige, provided decreased options for advancement, and directly affected her

salary. In fact, Plaintiff alleges that her salary was increased but *does not know* if wages are still owed. *Id.* at ¶ 14. Plaintiff also alleges that "she has not been provided any *written* confirmation of her employment status under a professional services contract." Am. Comp. ¶ 56 (emphasis added). However, Plaintiff alleges that she received oral confirmation that she was under her professional service contract. Am. Comp. ¶56. There is no fact to support her allegation that her contract was suspended or terminated.

Further, the Complaint alleges that, in the summer of 2010, Plaintiff temporarily was assigned to Seminole Elementary. Am. Compl. ¶ 54. Plaintiff's allegation that this assignment "could have" affected her seniority status is unsupported by any fact, constitutes speculation, and is insufficient to show that assignment constituted an adverse employment action.

Having failed to establish that the attempted 2010 surplus was an adverse employment action, Plaintiff failed to establish a prima facie case of discrimination. Accordingly, Count II is dismissed with prejudice.

## IV. CONCLUSION

For the reasons provided, the Defendant's Motion to Dismiss Complaint with Prejudice, ECF No. 21, is **GRANTED**. Plaintiff's Complaint is **DISMISSED** *with prejudice*. The Clerk shall **CLOSE** this case. All pending motions are **DENIED as moot**.

**DONE and ORDERED** in chambers at Miami, Florida, this 9th day of May 2013.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*